UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PINE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF OAKLAND, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-02136-AGT<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**<br><br>Re: ECF No. 55 |

　　　　This case arises from a November 8, 2018 pedestrian-auto accident that resulted in Plaintiff Richard Pine's arrest and six-day detention for felony assault and the subsequent loss of his vehicle. Following dismissal of the criminal assault charge against him, Pine brought the underlying action against the City of Oakland and individual police officers, alleging violation of his constitutional rights under 42 U.S.C. § 1983 and state tort claims. Defendants have successfully moved for dismissal twice—against Pine's original and second amended complaints. Pine subsequently filed the operative Third Amended Complaint ("TAC") and now the City of Oakland and Oakland police officers Marcos Gocobachi, Lesa Leonis, and Jose Vazquez (collectively, "Defendants") move to dismiss again.

　　　　Pending before the Court is Defendants' motion to dismiss the TAC pursuant to Rule 12(b)(4) (insufficient process), Rule 12(b)(5) (insufficient service of process), and Rule 12(b)(6) (failure to state a claim). ECF No. 55. The Court found this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, the Court DENIES Defendants' motion to dismiss.[1]

---

[1] Plaintiff and all defendants who have been served (the City of Oakland and Gocobachi) have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). ECF Nos. 11,

## I.  BACKGROUND

### A.  Factual Allegations

Around 8:30 a.m. on the morning of November 8, 2018, Pine struck a pedestrian with his car while making a left turn at the intersection of San Pablo Avenue and West Grand Avenue in Oakland, California.  ECF No. 54 (TAC) ¶¶ 10–15, 17.  Pine was en route to a recycling center and had just finished loading black trash bags filled with recyclables onto the roof of his car at his residence on San Pablo Avenue.  *Id*. ¶ 10.  As Pine approached the West Grand intersection, he pulled into the left turn lane and stopped at the red turn arrow.  *Id*. ¶ 11.  Seeing the arrow turn green, he proceeded to turn left through the intersection when a car behind him honked, causing Pine to "briefly look[] in his left side mirror and then turn[] his eyes back to the road."  *Id*. ¶ 12.  During the "few moments that [Pine] was distracted, he felt of a thump," which he assumed was caused by a recycling bag falling off the roof of his car.  *Id*. ¶ 13.  Pine looked in his rearview mirror and saw what appeared to be a black bag in the street.  *Id*. ¶ 14.  He immediately pulled over and walked back towards the intersection and, as he got closer, he saw that the black object in the road was a man with a woman helping him.  *Id*. ¶ 15.  "Recognizing that he must of [sic] hit the man," Pine asked the woman helping "if the man was alright."  *Id*. ¶¶ 15–17.  Pine explained to the woman that the man "must have been jay-walking or jumped out in front of [Pine's] car because [Pine] did not see him at all."  *Id*. ¶ 17.  A few moments later, Oakland police officer Marcos Gocobachi arrived on scene in a marked police car.  *Id*. ¶ 18.

Gocobachi exited the patrol car and requested Pine's driver's license, registration, and proof of insurance.  *Id*. ¶¶ 18–19.  As Pine was walking back from his car with the requested documents, he was approached by a male bystander who accused him of hitting the pedestrian with his car.  *Id*. ¶ 20.  A second male bystander then "came towards [Pine] in a threatening

---

13, 19.  "Although a magistrate judge does not have jurisdiction over an action unless all parties have consented, this Court does not require the consent of defendants who have not been served as they are not parties."  *Missud v. City & Cty. of San Francisco*, No. 15-CV-05596-JCS, 2017 WL 1064984, at *1 n.2 (N.D. Cal. Mar. 21, 2017) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *see Marotz v. City of San Francisco*, No. C-13-01677 DMR, 2014 WL 1571623, at *1 n.3 (N.D. Cal. Apr. 18, 2014) ("[I]n cases such as this one, where the plaintiff consented but has not served all the defendants, and all defendants who have been served have consented, 'all parties have consented pursuant to 28 U.S.C. § 636(c)(1).'") (citation omitted).

2

manner and told him that he was going to jail." *Id*. ¶ 21. At this point, Gocobachi handcuffed Pine and detained him in the backseat of the patrol car. *Id*. ¶ 22. Pine did not receive a Miranda warning. *Id*. Gocobachi "eventually" returned to the patrol car, told Pine he was under arrest for felony assault with a deadly weapon (Pine's vehicle), and drove him to the local jail. *Id*. ¶¶ 23, 41.

Pine was booked at North County jail and then moved to Santa Rita jail, where he was incarcerated for six days. *Id*. ¶ 24. On November 13, 2018, Pine was transported from Santa Rita to court, and after spending several hours in a holding cell, a deputy informed Pine that he would not be going to court. *Id*. ¶ 26. Pine was transported back to Santa Rita and released that night. *Id*. ¶ 27. Pine was not criminally prosecuted and his felony assault charge was dismissed. *Id*. Following his release, Pine learned that his car was in impound and it would cost him "at least $150.00 to attempt to retrieve it." *Id*. ¶ 28. Pine could not afford to pay the impound retrieval fees and ultimately "lost his car and numerous valuable items inside it" as a result. *Id*.

Pine alleges that at all times during his detention and arrest, Oakland police officers Lesa Leonis and Jose Vazquez acted as "integral participants" to Gocobachi's conduct and failed to prevent Gocobachi from unlawfully detaining and falsely arresting him. *Id*. ¶¶ 25, 42–43. Pine further alleges that Gocobachi, Leonis, and Vazquez were aware that: Pine was en route to the recycling center with black trash bags secured on his car at the time of the incident; he was briefly distracted and not looking at the road at the moment he struck the pedestrian; he believed the "thump" was caused by a dislodged trash bag and immediately pulled over to investigate; and upon realizing that he had hit a pedestrian, Pine asked if the man was okay and explained that he did not see him. *Id*. ¶¶ 30–37. Pine alleges that these officers "were well informed that the incident that took place was nothing more than an accident" and they "did not have probable cause to believe that [Pine] had committed any offense, warranting arrest on the day of the incident." *Id*. ¶¶ 38–40.

B.   **Procedural History**

On April 19, 2019, Pine, proceeding pro se, filed his initial complaint against the City of Oakland, Marcos Gocobachi, and former Oakland Chief of Police Anne Kirkpatrick. ECF No. 1. Those defendants filed a motion to dismiss pursuant to Rule 12(b)(6), which was granted on

3

September 10, 2019.  ECF No. 29.  Pine filed his First Amended Complaint ("FAC") on October 8, 2019 against the City of Oakland, Kirkpatrick, Gocobachi, and newly-added officer defendants Doria Neff, Lesa Leonis, and Jose Vazquez, asserting five causes of action:  (1) false arrest under 42 U.S.C. § 1983; (2) unlawful seizure of his vehicle under 42 U.S.C. § 1983; (3) violation of his first amendment rights under 42 U.S.C. § 1983; (4) negligence; and (5) false arrest under California law.  ECF No. 30.  Defendants moved to dismiss the FAC, but their motion was not briefed in light of the parties' November 19, 2019 stipulation allowing Pine to file a Second Amended Complaint ("SAC").  See ECF Nos. 31, 38.

Pine retained counsel on December 4, 2019.  ECF No. 42.  On December 19, 2019, Pine filed the SAC, dropping Kirkpatrick and Neff as defendants and asserting four causes of action: (1) false arrest under 42 U.S.C. § 1983, (2) unlawful seizure of his vehicle under 42 U.S.C. § 1983; (3) negligence; and (4) false imprisonment under California law.  ECF No. 43.  The SAC asserted all four claims against Gocobachi, alleged that Leonis and Vazquez violated § 1983 by failing to intervene, and alleged that the City of Oakland was liable for negligence and false imprisonment pursuant to California Government Code section 815.2.  Id.  On December 30, 2019, Defendants moved to dismiss the SAC pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6). ECF No. 44.  Pine voluntarily dismissed his negligence claim, see ECF No. 45, and confirmed during the February 20, 2020 hearing on the motion to dismiss that neither Leonis nor Vazquez had been properly served, see ECF No. 52 (audio recording of Feb. 20, 2020 hearing).  Ruling from the bench, the Court granted Defendants' motion to dismiss with leave to amend and instructed Pine to serve Leonis and Vazquez if he intended to include those defendants in his forthcoming amended complaint.  See ECF Nos. 52, 53.

Pine filed the operative TAC on March 2, 2020, alleging:  (1) false arrest under 42 U.S.C. § 1983; (2) false imprisonment under California law; (3) conversion; and (4) trespass to chattels. ECF No. 54.  Pine asserts all claims against Gocobachi, Vazquez, and Leonis and only the state claims against the City of Oakland.[2]  Defendants' motion to dismiss the TAC and accompanying

---

[2] Defendants argue that "no claims are actually asserted against the City" because the City of Oakland is not listed as a defendant in the headings to each cause of action in the TAC.  See ECF

4

request for judicial notice are now pending before the Court. ECF Nos. 55, 55-1.

## II. LEGAL STANDARDS

### A. Rules 12(b)(4) and 12(b)(5)

Federal courts lack jurisdiction over defendants who have not been properly served in accordance with Rule 4. *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Accordingly, Rules 12(b)(4) and 12(b)(5) permit a court to dismiss an action for insufficient service of process. Fed. R. Civ. P. 12(b)(4)–(5). Rule 12(b)(4) enables the defendant to challenge defects in the form and substance of the summons, while Rule 12(b)(5) allows the defendant to attack the manner in which service was, or was not, attempted. Once service is challenged, the plaintiff bears the burden of proving that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to either dismiss or retain the action." *Rudolph v. UT Starcom, Inc.*, No. C 07-04578 SI, 2009 WL 248370, at *1 (N.D. Cal. Feb. 2, 2009) (citing *Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).

### B. Rule 12(b)(6)

A defendant may move under Rule 12(b)(6) to dismiss a complaint for failing to state a claim upon which relief can be granted. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully").

---

No. 55 at 6. As discussed further below, the TAC includes specific allegations against the City of Oakland in connection with Pine's state law claims. *See* TAC ¶ 52 (false imprisonment), ¶ 57 (conversion), ¶ 62 (trespass to chattels).

5

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Courts do not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Likewise, courts need not "accept as true allegations that contradict matters properly subject to judicial notice." *Id.* And even where factual allegations are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (citation omitted).

If the court concludes that a Rule 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted).

### III.   DISCUSSION

#### A.   Motion to Dismiss for Insufficient Service and Service of Process

Defendants move to dismiss all claims against Leonis and Vazquez pursuant to Rules 12(b)(4) and 12(b)(5), arguing that the Court lacks jurisdiction over these defendants because neither officer has been properly served. ECF No. 55 at 4. Defendants also note that no summons has issued as to Leonis or Vazquez, which is required for proper service under Rule 4. *Id.* Pine concedes that Leonis and Vazquez were not served within Rule 4(m)'s 90-day window, but asserts that "a waiver of service of summons was mailed to the Defendants on March 14, 2020, giving Defendants Leonis and Vazquez notice of their roles as Defendants in this case." ECF No. 57 at 2.

Pine, as the plaintiff, "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1); *see also* Fed. R. Civ. P. 4(a)(1) (requiring that the summons must, among other things, name the court and parties, be directed to the defendant, be signed by the clerk, and bear the court's seal). Rule 4(m) provides, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after

notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  The 90-day window to serve runs from the filing of the first complaint in which the defendant is named and does not restart each time the plaintiff files a new amended complaint. *Jen v. City & Cty. of San Francisco*, No. 15-CV-03834-HSG, 2018 WL 1524049, at *1 (N.D. Cal. Mar. 28, 2018) (citations omitted).

Leonis and Vazquez were initially named in Pine's FAC, which he filed on October 8, 2019.  ECF No. 30.  The deadline for service therefore expired 90 days later, on January 6, 2020.  There is no dispute that Pine failed to serve Leonis and Vazquez by that deadline and Defendants contend that these officers still have not been properly served.  Pine asserts that he mailed a waiver of service of summons "to the Defendants" on March 14, 2020, less than two weeks after filing the TAC, and requests that the Court grant a discretionary extension under Rule 4(m) "so that the waiver of service of summons already served on Defendants on March 14, 2020 is deemed timely."  ECF No. 57 at 2–3.  But Pine appears to misunderstand the procedure for waiving service under Rule 4(d)—simply mailing a request for waiver does *not* constitute service on a defendant. *See Al-Hizbullahi v. Bleisner*, No. C 04-4903 MMC (PR), 2009 WL 1855234, at *2 (N.D. Cal. June 29, 2009) ("Under Rule 4(d), defendants' receipt of plaintiff's request that defendants waive service does not constitute service, and defendants are not statutorily required to respond to plaintiff's request for waiver.").  Rather, for waiver of service to be effective, the defendant must sign and return the waiver and the plaintiff must file the executed waiver within Rule 4(m)'s 90-day window.  Timeliness issues aside, Pine has not filed executed waivers for Leonis or Vazquez and there is no indication that either defendant has agreed to waive service.[3] As a result, the Court currently lacks jurisdiction over these unserved defendants and must decide whether to extend the time for service or dismiss the action against them.

"[C]ourts have broad discretion to extend time for service under Rule 4(m)," even absent a

---

[3] The Court notes that Leonis and Vazquez may not have received Pine's request for waiver in the first place.  *See* ECF No. 58 at 2 (stating that "counsel for Defendants is unaware of any mailed waiver of service of summons").

7

showing of good cause for the delay.[4] *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). In making discretionary extension decisions under Rule 4(m), courts "may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Id.* (citation omitted). The Court finds that these factors—particularly the lack of prejudice—favor a discretionary extension.

Leonis and Vazquez presumably have had notice of this lawsuit since at least October 22, 2019, when they moved to dismiss the FAC. *See* ECF No. 31. These officers are represented by the same counsel who has represented the City of Oakland (their employer) and Gocobachi—both timely and properly served—since the inception of this lawsuit. And importantly, Defendants do not argue that any prejudice would result from permitting service. *See generally* ECF No. 55. Indeed, during the February 20, 2020 hearing on Defendants' motion to dismiss the SAC, defense counsel acknowledged that there was no prejudice to Leonis or Vazquez, and the posture of this case has not materially changed since then as the parties have apparently agreed to postpone discovery until after the pleadings are settled. *See* ECF No. 51 at 5. Nor is there any suggestion that Pine's failure to serve was due to bad faith or an attempt to gain a tactical advantage; Pine's counsel represented at the February 20 hearing that Pine was attempting to evaluate Leonis' and Vazquez's roles in the subject incident and was cautiously assessing whether to name them in the TAC. Further, Pine asserts the same claims against Gocobachi, Leonis, and Vazquez; thus, adjudicating these claims together will promote judicial efficiency and avoid unnecessary procedural complication. *See Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1036 (N.D. Cal. 2015) (noting that plaintiff's claims against the served defendant were identical to those against the unserved defendants and "find[ing] that an extension of service will best serve the interests of the 'just, speedy and efficient disposition' of [plaintiff's] claims") (citation omitted).

---

[4] Rule 4(m) requires an extension of time to serve if the plaintiff shows "good cause" for failing to effect timely service. Defendants argue that there is no good cause for Pine's failure to serve Leonis and Vazquez before the January 6, 2020 deadline and Pine's opposition brief does not address good cause or argue that he is entitled to a mandatory extension under Rule 4(m).

8

In light of these considerations, the Court DENIES Defendants' motion to dismiss Leonis and Vazquez pursuant to Rules 12(b)(4) and 12(b)(5). Absent Leonis' and Vazquez's agreement to waive service or their counsel's consent to accept service on their behalf, Pine must properly serve both defendants in accordance with Rule 4 before this case may proceed against them. Pine shall have until **June 1, 2020** to properly serve Leonis and Vazquez and file proof of service (or executed waivers of service) with the Court. If Pine fails to comply with the Court's deadline, these defendants will be dismissed without prejudice and without further notice.

### B.      Motion to Dismiss for Failure to State a Claim

Defendants also move to dismiss pursuant to Rule 12(b)(6) on the grounds that: (1) Pine's claims for conversion and trespass to chattels are barred by his failure to exhaust judicial remedies; and (2) the City of Oakland is not listed as a defendant in the headings to each cause of action in the TAC and therefore the City "should be dismissed as a defendant, or . . . Pine must clarify what claims he makes against [it]." ECF No. 55 at 5–7. Defendants do not argue that the TAC fails to allege sufficient facts in support of Pine's claims. As discussed below, Defendants' judicial exhaustion argument is premised almost entirely on materials that the Court is prohibited from considering at this stage of the litigation and Defendants' second argument regarding the City of Oakland is unpersuasive.

#### 1.      Request for Judicial Notice

Before addressing the substance of Defendants' Rule 12(b)(6) arguments, the Court first considers their request for judicial notice of a two-page letter, dated November 19, 2018 and printed on City of Oakland Parking Citation Assistance Center letterhead, from an administrative hearing officer to Pine setting forth the hearing officer's decision on the post impound hearing regarding Pine's vehicle. ECF Nos. 55-1, 55-2. While Pine does not expressly object to judicial notice of this document or challenge its authenticity, he disputes some of its contents.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). There are, however, "two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899

9

F.3d 988, 998 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019). As applicable here, Federal Rule of Evidence 201(b) permits courts to take judicial notice of any fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, "[c]ourts may take judicial notice of some public records, including the 'records and reports of administrative bodies.'" *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (citation omitted). "However, when courts take judicial notice of administrative records, only the existence of the documents themselves including the findings therein are judicially noticeable, and not the contents of the documents for the truth of the matters asserted." *California Sportfishing Prot. All. v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017).

Apparently recognizing these limitations, Defendants purport to request judicial notice "not . . . of the truth of the contents of the hearing officer's decision, but of the fact that [1] the hearing took place, [2] evidence was presented, and [3] the decision issued." ECF No. 55-1 at 2. Judicial notice of facts one and three is appropriate. *See Lacayo v. Donahoe*, No. 14-CV-04077-JSC, 2015 WL 993448, at *10 (N.D. Cal. Mar. 4, 2015) (taking judicial notice of documents in ruling on Rule 12(b)(6) motion but "only . . . [as to] the existence of the administrative proceedings and the agency's findings" and "not credit[ing] the truth of any fact recounted or matter asserted in the documents")). But the Court declines to take judicial notice of the fact that "evidence was presented" during the post impound hearing—which Pine disputes—as it would improperly credit the truth of the assertions recited in the hearing officer's decision. *See Lee*, 250 F.3d at 689–90 (holding that district court erred in taking "judicial notice of *disputed* facts stated in public records") (emphasis in original); *California Sportfishing*, 268 F. Supp. 3d at 1038 ("Courts cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed."). Accordingly, the Court GRANTS Defendants' request for judicial notice, but only as to the existence of the post impound hearing and the hearing officer's decision, and not for the truth of the matters asserted in that decision.

### 2. Failure to Exhaust Judicial Remedies

Defendants argue that Pine's claims for conversion and trespass to chattels, both premised

on the impound and subsequent loss of his vehicle, are barred by the "doctrine of exhaustion of judicial remedies . . . a form of collateral estoppel" and should be dismissed. ECF No. 55 at 5. Specifically, Defendants contend that Pine's "post-impound hearing was held before a hearing officer, at which evidence was presented, and the hearing officer concluded that [Pine's] vehicle was legally impounded," and Pine failed to exhaust his "exclusive remedy" for challenging that administrative decision—petitioning for administrative mandamus pursuant to California Code of Civil Procedure section 1094.5. *Id.* Pine counters that the hearing officer's decision "does not have preclusive effect in this lawsuit" because "the City of Oakland's Post-Impoundment hearing proceedings did not bare [sic] any indicia of judicial character" as is required for collateral estoppel to apply. ECF No. 57 at 5 (citing *Pac. Lumber Co. v. State Water Res. Control Bd.*, 37 Cal. 4th 921, 944 (2006)).

Under California law, the doctrine of judicial exhaustion "is a form of res judicata, of giving collateral estoppel effect to [an] administrative agency's decision, because that decision has achieved finality due to the aggrieved party's failure to pursue the exclusive judicial remedy for reviewing administrative action," a mandamus proceeding. *Briggs v. City of Rolling Hills Estates*, 40 Cal. App. 4th 637, 646 (1995). This judicial exhaustion doctrine applies if "there has been a quasi-judicial adjudication by an administrative tribunal, whether in the public or private context." *Y.K.A. Indus., Inc. v. Redevelopment Agency of City of San Jose*, 174 Cal. App. 4th 339, 355 (2009).

There are, however, predicates to the doctrine's application.[5] To start, collateral estoppel precludes relitigation only where: (i) the issue sought to be precluded is identical to that decided in an earlier proceeding; (ii) the issue was actually litigated and (iii) necessarily decided in the earlier proceeding; (iv) the decision in the earlier proceeding was final and on the merits; and (v) the party against whom preclusion is sought is the same as, or in privity with, the party to the

---

[5] Under federal common law, federal courts accord preclusive effect to state administrative proceedings that satisfy the fairness requirements outlined in *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966). *See Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032–33 (9th Cir. 1994). "Because California has adopted the *Utah Construction* standard, [federal courts] give preclusive effect to a state administrative decision if the California courts would do so." *Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1155 (9th Cir. 2018).

11

earlier proceeding. *See Pac. Lumber Co.*, 37 Cal. 4th at 943. Moreover, "[f]or an administrative decision to have collateral estoppel effect, it and its prior proceedings must possess a judicial character." *Id.* at 944. "Indicia of proceedings undertaken in a judicial capacity include a hearing before an impartial decision maker; testimony given under oath or affirmation; a party's ability to subpoena, call, examine, and cross-examine witnesses, to introduce documentary evidence, and to make oral and written argument; the taking of a record of the proceeding; and a written statement of reasons for the decision." *Id.*

As a threshold matter, Defendants have not argued or otherwise shown that the hearing officer's decision resulted from "a proceeding in which *by law* a hearing is required to be given, *evidence is required to be taken*, and discretion in the determination of facts is vested in the inferior tribunal . . . or officer," such that section 1094.5's writ of mandate requirement decisively governs. Cal. Civ. Proc. Code § 1094.5(a) (emphasis added).[6] Instead, Defendants simply assert that section 1094.5(a) applies because "there [wa]s a hearing and presentation of evidence, on which [the] administrative decision is based." ECF No. 58 at 4. But even if the Court could take judicial notice of the fact that evidence was presented at the hearing (which as discussed, it cannot), that fact alone does not establish that the hearing officer was "required by law to accept and consider evidence from interested parties before making its decision." *Friends of the Old Trees v. Dep't of Forestry & Fire Prot.*, 52 Cal. App. 4th 1383, 1391 (1997).

Moreover, there are factual disputes as to whether the post impound hearing possessed the requisite judicial character required for judicial exhaustion to apply. These disputes render dismissal based on based on preclusion inappropriate at this juncture. *See Khoja*, 899 F.3d at 1003 (recognizing "the prohibition against resolving factual disputes at the pleading stage"). The post impound hearing is not mentioned in the TAC and both sides rely on extrinsic evidence in support

---

[6] Post impound hearings in California are governed by section 22852 of the California Vehicle Code, which provides that whenever "a public agency directs the storage of a vehicle, . . . the agency or person directing the storage shall provide the vehicle's registered and legal owners . . . with the opportunity for a poststorage hearing to determine the validity of the storage." Cal. Veh. Code § 22852(a). Section 22852 is silent as to whether presentation of evidence is permitted let alone required at the hearing and tellingly, Defendants do not cite this statute anywhere in their briefing.

of their arguments: Defendants attempt to introduce the hearing officer's decision for the truth of matters asserted therein, *i.e.*, that evidence was presented and considered during the post impound hearing, *see* ECF No. 55-1, and Pine in rebuttal submits a sworn declaration attesting that at the hearing, no testimony was given under oath, he had no opportunity to subpoena, call, or cross-examine witnesses, and the proceeding was not reported or transcribed, *see* ECF No. 57-1.[7] The Court cannot consider these extraneous materials without converting Defendants' motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) (requiring that, when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56" and all parties must have the "opportunity to present all the material that is pertinent to the motion"); *Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1301 (9th Cir. 1982) (recognizing that "a district court commits reversible error when it considers matters extraneous to the pleadings while treating the motion as one to dismiss, rather than as one for summary judgment"). The Court declines to do so.

Accordingly, the Court DENIES Defendants' motion to dismiss for failure to exhaust judicial remedies.

### 3. Claims Against the City of Oakland

Defendants' remaining argument—that Pine's claims against the City of Oakland should be dismissed because the City is not listed "[a]t the heading to each cause of action" while the officer defendants are—is unpersuasive. ECF No. 55 at 6. In connection with each of his state law claims, Pine specifically alleges that the City of Oakland is liable for the tortious acts of its officer employees, Gocobachi, Leonis, and Vazquez, under California Government Code section 815.2. *See* TAC ¶ 52 (false imprisonment), ¶ 57 (conversion), ¶ 62 (trespass to chattels). These allegations make clear that Pine asserts his three state claims against the City of Oakland pursuant

---

[7] Pine's declaration was not attached to the TAC and he has not requested judicial notice of it; thus, the Court declines to consider it. *See Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, No. 19-CV-05611-PJH, 2020 WL 1250802, at *3 (N.D. Cal. Mar. 16, 2020) ("Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss . . . if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice.") (citation omitted).

13

to a theory of vicarious liability.[8]  Section 815.2 of the California Government Code makes a public entity vicariously liable "for injury proximately caused by an act or omission of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."  Cal. Gov't Code § 815.2(a).  In such cases, the public entity will be liable unless the employee is immune from liability.  *Id.* § 815.2(b).  Defendants have not argued that Gocobachi, Leonis, or Vazquez are immune from suit, nor have they challenged the sufficiency of Pine's allegations in support of his claims.

Accordingly, Defendants' motion to dismiss the City of Oakland is DENIED.

## IV.  CONCLUSION

For the reasons stated above, the Court rules as follows:

(1) Defendants' motion to dismiss pursuant to Rules 12(b)(4) and 12(b)(5) is DENIED.  The Clerk of Court is hereby directed to issue an amended summons as to Pine's TAC (ECF No. 54).  Pine must properly serve Leonis and Vazquez and file proof of service (or executed waivers of service) with the Court by no later than **June 1, 2020**.  If Pine fails to comply with the June 1, 2020 deadline, Leonis and Vazquez will be dismissed without prejudice, without further notice.

(2) Defendants' motion to dismiss pursuant to Rule 12(b)(6) is DENIED.

**IT IS SO ORDERED.**

Dated:  May 16, 2020

ALEX G. TSE
United States Magistrate Judge

---

[8] The allegations in the TAC set forth under Pine's § 1983 claim (*see* TAC ¶¶ 44–47) do not reference the City of Oakland or indicate an attempt to assert municipal liability in connection with the alleged constitutional violations; therefore, the Court interprets Pine's federal false arrest claim to be asserted against Gocobachi, Leonis, and Vazquez only.